[S. F. No. 14983. In Bank.—December 21, 1936.]

BETTY D. ROOT, Respondent, v. F. A. BURGESON et al., Appellants.

Joseph E. Bien and Werner Olds for Appellants.

Franklin T. Poore for Respondent.

THE COURT.—In 1926 defendant Burgeson was lessee of certain premises under a lease from one Hamilton. ▮ Said defendant in that year made a lease of the premises to Rolls Royce of America, Inc., the property to be used for an automobile repair shop. Certain machinery which defendant Burgeson had installed remained there for the use of his lessee. The lease from Burgeson to Rolls Royce of America, Inc., provided, however, that the said machinery "shall revert to the lessor upon the expiration of the within lease", and that the words "lessor" and "lessee" should "apply to, and bind and benefit the heirs, executors, administrators, successors and assigns of the lessor and lessee". Thereafter, defendant Burgeson assigned all of his "right, title and interest" in the lease to Hamilton, his own

lessor; Hamilton made a similar assignment to one Moller, and Moller assigned to C. B. Root. Plaintiff, successor of Root, sued to quiet title to the machinery, and recovered judgment. Defendant appealed.

The theory of plaintiff's recovery is that defendant Burgeson, as lessor to Rolls Royce of America, Inc., had a right under his lease to receive the machinery on the expiration thereof; and that when Burgeson assigned to Hamilton all of his rights under his lease, the right to take the machinery was included, and consequently passed to Hamilton and ultimately to plaintiff. Defendant objects to this conclusion on the ground that when a *lessor* assigns his lease, he does not convey the reversion (that is, the title to the property which he owns), but only the right to receive the rents. (16 R. C. L. 637, 638.) This is not the issue, however, for defendant was not the owner of the real property, and there is no transfer of the reversion therein involved. Defendant was a mere lessee himself, having certain rights as such lessee and as sublessor to his own tenant. Among his rights as sublessor was the right to retake the machinery, and he could by an instrument in sufficiently broad terms transfer that right. The language used was, "I hereby transfer and assign all of my right, title and interest in and to that certain lease . . . subject to all of the terms and conditions therein contained, hereby assigning all rents therein reserved." Though the case is, of course, not as clear as it would be if the machinery were specifically mentioned, it must be concluded that in the absence of evidence to show a contrary intent, the instrument was sufficient to transfer the machinery.

The judgment is affirmed.